MORAN-ALLEEN COMPANY, A. H. BROWN, and His Wife, MABEL BROWN, *Appellants*, v. C. H. BROWN, ·J. G. BLACK and G. L. DORMAN, *Appellees*.

Division A.

Opinion filed July 19, 1929.

*J. L. Blackwell,* for Appellants;

*I. J. McCall,* for Appellees.

TERRELL, C. J.—Appellants instituted this suit in the Circuit Court of Suwannee County to vacate and set aside a judicial sale of real estate on the ground of gross inadequacy of consideration, surprise and fraud imposed on complainants, irregularity in the conduct of the sale and

the admission of irrelevant and incompetent testimony. The chancellor declined to set the sale aside and dismissed the bill. Appeal is taken from that order.

As to the last named ground it is sufficient to say that the chancellor heard the testimony and his finding is amply supported by the competent testimony in the record. On the question of gross inadequacy of consideration, surprise, accident or mistake imposed on complainant and irregularity in the conduct of the sale this court is committed to the doctrine that a judicial sale, may on a proper showing made, be vacated and set aside on any or all of these grounds. Marsh v. Marsh, 72 Fla. 142, 72 So. R. 638; Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. R. 995; Florida Fertilizer Mfg. Co. v. Hodge, 64 Fla. 275, 60 So. R. 127.

In the case at bar appellants have not brought themselves within any of these grounds. The record discloses that they (appellants) advised and consented to the manner and conditions of the sale, were present at the sale with counsel, requested that the sale be confirmed, accepted the proceeds of the sale, repurchased the property so sold from the purchaser at the sale, executed their note with mortgage back to such purchaser, entered their appearance to a suit to foreclose the last mentioned mortgage, suffered a final decree to be entered in said last named foreclosure suit and after the expiration of a year or more from the time of the sale complained of, come into court and seek to set it aside.

We think that under such showing appellants are by their own conduct estopped to assert any right or interest in the premises and that the decree below must be and is hereby affirmed. Camp v. Mosely, 2 Fla. 171; Southern Life Ins. & T. Co. v. Lanier, 5 Fla. 110; Hollingsworth v.

Hancock, 7 Fla. 338; Coram v. Palmer, 63 Fla. 116, 58 So. R. 721; Blackiston v. Smith, 73 Fla. 25, 73 So. R. 839.

Affirmed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.