PER CURIAM.
James P. Kerrigan and Carmen L. Kerri-gan appeal an order denying their motion which sought, among other relief, to set aside *875 the judicial sale of their homestead in connection with the foreclosure of a mechanic’s lien held by appellee, Thomas G. Mosher, in the amount of $3,721.30. Mosher was the sole bidder at the foreclosure sale. The Ker-rigans believed that their attorney would protect their interests at the sale; however, because of inadvertence or mistake, the Ker-rigans’ attorney did not attend the sale or take any action to redeem the property or otherwise represent them. At the sale, Mosher purchased the Kerrigan’s home, which the record reflects had a fair market value of between $300,000 to $360,000, and was encumbered by a mortgage of approximately $87,000, for a bid of $100.
The Kerrigans argue that the trial court erred in ruling that it did not have the discretion to set aside the foreclosure sale without a showing of irregularity in the sale process. We agree and reverse.
As a general rule, inadequacy of price standing alone is not a ground for setting aside a judicial sale. Nevertheless,
where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966). Sufficient “mistake” is shown, where “the owner became deprived of an opportunity to bid at the sale when, because of inadvertence or a mistake, an attorney who was to represent him there for that purpose was not present.” Van Delinder v. Albion Realty & Mortgage, Inc., 287 So.2d 352, 353 (Fla. 3d DCA 1973).
The trial court below clearly possessed the discretion to set aside the judicial sale under these circumstances. We recognize that this is a close case because the Kerrigans themselves could have taken steps to protect their own interests. See, John Crescent, Inc. v. Schwartz, 382 So.2d 383, 385 (Fla. 4th DCA), cert. denied, 389 So.2d 1113 (Fla.1980). Nevertheless, because of both the gross inadequacy of the bid and the mistake by the Kerrigans’ attorney in failing to protect their interests with respect to the sale, we conclude that it was an abuse of discretion for the court to refuse to set aside the sale and to direct a resale.
REVERSED and REMANDED for proceedings consistent with this opinion.
JOANOS, BENTON and VAN NORTWICK, JJ„ concur.