KELLY, Judge.
Christopher Owens appeals from an order awarding Kimberly Stallings primary residential custody of the parties’ daughter. Owens argues that the trial court abused its discretion when it awarded primary residential custody to Stallings. We disagree. It is evident from the record that either parent could serve as primary custodial parent. However, the trial court had to choose between the two parents, and we cannot say that no reasonable person could have awarded primary residential custody to the mother. Accordingly, we find no abuse of discretion and affirm the trial court’s custody determination. Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (holding that if reasonable men can differ regarding the propriety of the trial court’s action, the action is not unreasonable and there is no abuse of discretion).
We also disagree with Owens’ contention that the trial court failed to establish a visitation schedule. The trial court ordered “no less than standard non-local visitation,” and specified that Owens should at a minimum have visitation every other weekend with holiday visitations to occur “as set forth in the guidelines.” *1267 This fulfilled the trial court’s obligation to decide the matter of visitation. However, we agree with Owens that the order needs to be more specific regarding the guidelines the parties are to follow. The trial court did not specify which “guidelines” it was referring to, nor are there any guidelines attached to the court’s order. Accordingly, we reverse and remand for the limited purpose of permitting the trial court to attach to the order the “guidelines” it is requiring the parties to follow.
Affirmed in part, reversed in part, and remanded.
FULMER and GREEN, JJ., concur.