ERVIN, J.,
dissenting.
I take strong issue with the majority’s characterization of the one and only hearing afforded appellant on her emergency motions to vacate the judgment of foreclosure and to set aside the judicial sale as implying that appellant was then permitted a meaningful opportunity to present evidence supporting the allegations made in her motions that she suffered from a bipolar/manic depression condition that rendered her incapable of appreciating the nature of the foreclosure suit to which she was made a party, and made her unable to take appropriate steps to preserve her homestead, and that, at the time the complaint was filed, Lyon “had ample assets that would have enabled her to not only bring her mortgage current prior to judgment being entered against her, but in fact, had sufficient assets to actually pay off the entire amount due and owing on the mortgage.” In fact, as it reasonably appears from the record, no opportunity was given appellant to offer evidence showing that her mental condition affected her ability to manage and care for her property. The only persons present at the hearing, in addition to the trial judge, as reflected in the lower court’s recitation of the proceeding then conducted, were ap *808 pellant’s attorney, the purchaser of the foreclosed property, and the purchaser’s attorney. Obviously, none of those present possessed the qualifications to offer an opinion on the state of appellant’s mental capacity. I think it reasonably clear that the purpose of the emergency hearing was simply to schedule at a future date an evidentiary hearing to decide whether appellant had the mental ability to manage her affairs.
Not only were appellant’s initial motions denied following the “hearing,” but all additional motions for similar relief, as well, without hearings. It appears to me that the court concluded, simply as a matter of law, that regardless of what evidence appellant could conceivably present, she would not, under any set of facts, be entitled to the remedy that she sought. If this was the effect of the court’s ruling, it was, in my judgment, erroneous. Because I am of the firm conviction that appellant’s motion and supporting affidavits reveal a col-orable basis for relief, I would reverse and remand the lower court’s order denying appellant Katherine A. Lyon’s motion, filed pursuant to Florida Rule of Civil Procedure 1.540(b), to set aside a mortgage judicial sale and to cancel certificate of title on the ground of excusable neglect or mistake. In my judgment, the lower court’s denial of the motion without affording appellant a hearing at which evidence could be presented supporting her motion to vacate was an abuse of discretion. In order to explain my position sufficiently, a more detailed exposition of the facts is set out in this dissent than that supplied in the majority’s opinion.
Upon appellant’s default on two mortgages securing a debt on her home, appel-lee, The Bank of New York, filed a complaint for foreclosure of the mortgages and, following appellant’s failure to answer, the trial court entered a final judgment of foreclosure, stating that if appellant did not pay the total accumulated sum of $48,356.96, by August 1, 2003, the property would be sold to the highest bidder at public sale. Thereafter, the property was sold to appellee Keith Sanford for a bid of $120,001.00, and certificate of title was issued to him. On August 13, 2003, Sanford filed a request for writ of possession.
On August 22, 2003, within nine days of the buyer’s application for a writ of possession of the property, counsel for Lyon appeared on her behalf and immediately filed motions to vacate the judgment of foreclosure and to set aside the judicial sale, and sought an emergency hearing on the motions. In addition to alleging her mental incapacity to manage her property, she agreed to submit herself to a voluntary guardianship and determination of incompetency in the Probate Court.[1] Finally, Lyon stated that in the event the court granted hearing on the motions, she would immediately post a cash bond with the clerk of the court in the sum of $130,000.00, in order to protect the interest of the buyer at the judicial sale.
Attached to the motion to vacate was an affidavit of Lee Lyon, appellant’s cousin and financial advisor, who averred that as of January 1, 2003, Katherine Lyon had substantial liquid assets, and no financial impediment existed that precluded her from making payments on the two mortgages. He also asserted he did not learn of the foreclosure suit until after appellant had been served with the writ of possession, and he believed that Katherine Lyon, during the past year, had lost the capacity *809 to understand the nature of many aspects of her financial affairs.
During oral argument of this appeal, appellee’s counsel represented that the trial court afforded appellant a hearing on her motions for emergency stay of the writ of possession and to vacate the foreclosure sale. Counsel further stated that appellant offered no testimony in support of her motions, and argued that appellant ought not be afforded another “bite at the apple.” Based on these representations and the absence of a hearing transcript, this court issued an order directing counsel for appellant and the buyer, appellee Sanford, to prepare a statement of the evidence or proceedings which took place at the August 22, 2003, proceeding on the motions for emergency stay and to vacate the foreclosure sale. Our order further directed respective counsel to submit these statements to the trial court for settlement and approval.
Thereafter, the lower court provided this court with a statement of the proceedings that were conducted on August 22, 2003, which does not, in my judgment, support appellee’s argument that appellant had the opportunity to offer evidence at that hearing in support of her motions. The statement reflects that Thomas F. Rosenblum, newly retained counsel for appellant, presented the emergency motions to the trial court on Friday morning, August 22, 2003, and that the court advised counsel that time was available that morning to discuss the motions if opposing counsel could attend. Appellant’s counsel located the buyer, Mr. Sanford, and his attorney, and the three met in the judge’s chambers on the same morning as the motions were presented, i.e., on August 22, 2003, at 11:00 a.m.
In pertinent part, the trial court’s statement provides:
4. There was no court reporter present for the hearing. The court reviewed the motions and either the docket or court file and noted that valid service was had, a default was entered, and all pleadings post-default were served on the defendant. The court further noted that Defendant sought relief from the court only after the property had been sold and certificate of title issued.
5. Mr. Rosenblum alluded to emotional problems of the defendant, but confirmed that she had never been declared incompetent.
6. The court denied relief that day, August 22, 2003, confirmation of which is attached. No further proceedings took place on those two motions.
It does not appear from the lower court’s recitation of the facts that any testimony was offered at the emergency hearing. This conclusion is borne out by the allegations in appellant’s initial motions for relief. The Verified Motion to Vacate Sale and Set Aside Final Judgment, attached to the circuit court’s statement of proceedings, which, in addition to setting out details of Ms. Lyon’s mental condition, averred that appellant “can provide experts to show that as a result of [her] illnesses, she exhibits self-destructive behavior, a severely low self-esteem, and denial.” In her petition for an emergency hearing which accompanied the motion, she asked the court to set an emergency hearing during the week of September 2, 2003. Her motion to vacate the judgment of foreclosure also alleged that counsel would produce an affidavit from a treating psychiatrist who could establish the existence of her mental illnesses. As noted in the lower court’s statement of the proceedings, it issued an order dated August 22, 2003, denying appellant’s motions.
It reasonably appears from the lower court’s recitation of the facts and the alie- *810 gations in the motions that counsel, having secured an emergency “hearing” on the motions the same day of their filing, was not then prepared to offer evidence in support of them, and that the purpose of the hearing, which no mental health experts attended, was simply to secure a date for a later proceeding at which a meaningful opportunity would be provided appellant to present the same. It also appears from the record that no hearings were held on any of the other motions that were denied. On September 18, 2003, appellant’s counsel filed an amended motion to set aside the sale, with additional affidavits, including the affidavit of Dr. David Cheshire, a licensed psychiatrist, who, after extensively examining appellant, averred that, in his opinion, she had suffered from a dissociative disorder since childhood. He explained that her failure to take the simple step of writing checks to protect the home in which she and her two minor children resided resulted from the disorder. The affidavit concluded as follows: “On a scale of mild to extreme, Katherine’s condition is closer to the extreme, in that her episodes of dissociation have resulted in instances of serious impairment or inability to function over the past several months.” A second affidavit by Eileen G. Blocker, a licensed real estate broker/owner and licensed mortgage broker, averred that in her opinion, Katherine Lyon’s home had a conservative value of $290,000.00 to $330,000.00. No affidavits were filed in opposition to those made on behalf of appellant. The lower court summarily denied Lyon’s motions by order dated September 23, 2003. Finally, a second amended motion to set aside judicial sale, filed on October 3, 2003, was also denied without hearing by order of the same date, which is the subject of this appeal.
It reasonably appears to me from the lower court’s statement of the proceeding that the court’s denial of all of appellant’s motions was based on the facts that appellant had not been adjudicated incompetent, and that relief from judgment was sought only after the property foreclosed upon had been sold. If, as I believe, these are the apparent reasons for the lower court’s denial of the motions, and not because of appellant’s failure to present evidence in support of her motions, I am of the opinion the court abused its discretion by not taking into proper consideration the excusable neglect ground of rule 1.540(b), as a basis of relief, because of her non-adjudicated mental incapacity. The rule provides in part:
(b) Mistakes; Inadvertence: Excusable Neglect; ... On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken.
Pertinent case law requires that a party seeking relief under rule 1.540(b) demonstrate (1) mistake, inadvertence, surprise, or excusable neglect; (2) a meritorious defense; and (3) due diligence in seeking relief from judgment. See Andrade v. Andrade, 720 So.2d 551, 552 (Fla. 4th DCA 1998); Am. Network Transp. Mgmt., Inc. v. A Super-Limo Co., 857 So.2d 313, 315 (Fla. 2d DCA 2003); Coquina Beach Club Condo. Ass’n v. Wagner, 813 So.2d 1061 (Fla. 2d DCA 2002). Appellant bases her motion for relief on the grounds of unilateral mistake or excusable neglect resulting from her mental incapacity at all times pertinent to the mortgage foreclosure proceedings and continuing, as well as an *811 inadequate sale price. In my judgment, the allegations contained in her motions and supporting affidavits sufficiently state her entitlement to a hearing on the grounds upon which she relies.
A mistake, within the contemplation of rule 1.540(b), “ ‘may arise either from unconsciousness, ignorance, forgetfulness, imposition, or misplaced confidence.’ ” Fernandez v. Suburban Coastal Corp., 489 So.2d 70, 72 (Fla. 4th DCA 1986) (quoting Black’s Law DICTIONARY 903 (5th ed.1985)). As to the type of mistake which must be demonstrated as a means of setting aside a default judgment, the Restatement (Second) of Judgments (1982), section 68, is instructive:
Fraud, Mistake, And Other Grounds Of Relief From Default Judgment
Subject to the limitations stated in § 74, a judgment by default may be avoided if the judgment:
[[Image here]]
(4) Was against a minor, a person adjudicated as incompetent, or a person known by the party obtaining the judgment to be incapable of adequately defending the action, and no representative was appointed to act for the defaulting party[.]
Comment d, regarding “incapacity,” states in pertinent part:
Procedural statutes or rules of court generally provide that a default may not be entered against a minor or an incompetent unless he is represented by a general guardian or guardian ad litem. Furthermore, according to rule or practice in most jurisdictions, a consent judgment may not be entered with respect to a minor or incompetent without approval of the court. Hence, if a default judgment is entered against a minor or incompetent, it may be inferred that there was no representative or that the representative failed adequately to protect the defaulting party’s interests. As a result, a default judgment against a minor or an adjudicated incompetent can be set aside virtually as a matter of course. Once the minor has come of age or the incompetent restored to capacity, however, their right to set aside the judgment can be lost by failure to act promptly.
When the defaulting party is an adult who is in fact incapable of managing his affairs but has not been adjudicated an incompetent, it is relevant whether the party obtaining the judgment knew of the disability. If he did know, the situation can be assimilated to failure to give notice to someone who can act in behalf of the disabled person. If he did not know, the defaulting party’s disability can be assimilated to a unilateral mistake on his part. In either event, relief will be granted unless doing so will significantly prejudice interests of reliance on the judgment.
(Emphasis supplied; citations omitted.) Thus, under the Restatement, it is the mistake of the party obtaining the judgment — not that of the defaulting party— that is determinative. In other words, it is the mistaken belief of the party in whose favor judgment is entered that the defaulting party had no disability, with the result that judgment is entered without notice being properly given to a representative of the disabled person, which is the basis for relief from judgment.
In fact, Florida case law recognizes that a person’s non-adjudicated mental incapacity can constitute excusable neglect as a basis for vacating a judgment. See An-drade, supra (vacation of default and marital dissolution judgment); Jax Sani Serva Sys. v. Burkett, 509 So.2d 1251 (Fla. 1st DCA 1987) (vacation of default and judgment for damages resulting from breach of *812 contract). In my opinion, the allegations that appellant’s mental incapacity seriously impeded her ability to manage her financial affairs state a colorable basis for relief as to the first of the three-pronged requirements (mistake or excusable neglect) for setting aside the judgment entered.
Appellant also sufficiently raised a meritorious defense by stating that she possessed the financial means to pay the mortgage debt in full at all times relevant to the foreclosure proceedings. Finally, appellant made a sufficient showing of her exercise of due diligence, by alleging that once her family members were apprised of the writ of possession served on her on August 13, 2003, they took immediate steps to seek relief.
Appellees Sanford and Bank of New York rely on cases particularly applicable to the setting aside of foreclosure sales, which superficially appear to impose a more rigid standard for relief than in other classes of cases. See Arlt v. Buchanan, 190 So.2d 575, 577-78 (Fla.1966); Blue Star Invs., Inc. v. Johnson, 801 So.2d 218, 219 (Fla. 4th DCA 2001); Cueto v. Mfrs. & Traders Trust Co., 791 So.2d 1125, 1126-27 (Fla. 4th DCA 2000); Wells Fargo Corp. v. Martin, 605 So.2d 531, 533 (Fla. 2d DCA 1992). The rule embraced in those cases requires, as a precondition to cancellation of the sale, findings by the trial court (1) that the foreclosure sale bid was grossly or startlingly inadequate, and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale. In Arlt v. Buchanan, the court phrased the two-part test in the following terms:
[Standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
Arlt, 190 So.2d at 577.
If the above test applies to any attempt to seek relief from the sale of foreclosed property, obviously a mortgagor such as Ms. Lyon would be unsuccessful in such efforts, despite her establishment of excusable neglect, a meritorious defense, and due diligence, if she were not able to show as well that the inadequate bid was caused by the mistake, etc., of some person involved in the sale. I am convinced, however, that the Arlt rule has no application to facts such as those at bar. In Ingorvaia v. Horton, 816 So.2d 1256 (Fla. 2d DCA 2002), the court was confronted with the propriety of an order vacating a foreclosure sale upon facts showing only an irregularity in the sale because the assignee of the original mortgagee’s interest in the property had not been notified of the sale, but without any showing of an inadequacy in the price bid for the property. While recognizing the two-part rule stated in Arlt, the court nonetheless relied on an earlier decision of the Florida Supreme Court in Moran-Alleen Co. v. Brown, 98 Fla. 203, 123 So. 561 (1929), which applied the following rule:
On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds.
(Emphasis added.)
In answering appellant’s argument that Brown had no continuing efficacy because it preceded Arlt and conflicted with it, the Fourth District observed that the supreme court later quoted Brown with approval in *813 Ohio Realty Investment Corp. v. Southern Bank of West Palm Beach, 300 So.2d 679 (Fla.1974); therefore, it could not “be said that Brown is no longer valid.” Ingorvaia, 816 So.2d at 1258. The present case differs, of course, from Ingorvaia in that inadequacy of the bid price is at issue, i.e., the fact that the sale price was approximately 36 percent of the estimated fair market value of the property, but no showing has been made that the inadequacy resulted from any irregularity or other factor, as stated in Arlt, in the sale itself. I do not consider the lack of such facts to be relevant to appellant’s entitlement to relief. If Broum remains viable, any of the grounds outlined in it as a basis for vacating a judicial sale apply to the case at bar, including a showing, as here, of an inadequate bid price, unilateral mistake, or excusable neglect.
For all of the above reasons I would reverse the order of denial and remand the case with directions that appellant be given a meaningful opportunity to show that her failure to avoid the default of the two mortgages securing her home was the result of mistake or excusable neglect, pursuant to the provisions of rule 1.540(b).

. During the pendency of the appeal, counsel filed petitions to determine Katherine Lyon’s incapacity, and for appointment of limited guardian. As reflected in the style of this case, a guardian has since been appointed on behalf of Lyon.