CORTIÑAS, J.
 

 Phoenix Holding, LLC, the successful bidder at a foreclosure sale, appeals an order denying its motion for a writ of possession and granting the mortgagors’ motion to vacate the sale and the judgment upon which it was based. The mortgagors had provided no true defense to the foreclosure but had merely pled their victim-hood in various ways.
 
 [1]
 
 The trial court, agreeing with the notion that they had received no court notices because of a clerical error sending the notices to the wrong address, set aside the summary judgment of foreclosure “[i]n terms of fairness and due process.” We find this to be a gross abuse of discretion and therefore reverse.
 

 “Whether the complaining party has made the showing necessary to set aside a [foreclosure] sale is a discretionary decision by the trial court, which may be reversed only when the court has grossly abused its discretion.”
 
 United Cos. Lending Corp. v. Abercrombie,
 
 713 So.2d 1017, 1018 (Fla. 2d DCA 1998). “When analyzing a trial court’s exercise of its discretion, the appellate court is to determine whether ‘reasonable persons could differ as to the propriety of the action taken by the trial court.’ ”
 
 Ingorvaia v. Horton,
 
 816 So.2d 1266, 1259 (Fla. 2d DCA 2002) (quoting Ca
 
 nakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980)). “If reasonable persons could differ, then the court’s action was not an abuse of discretion.”
 
 Id.
 

 “It is established that a judicial sale may be set aside on the grounds of gross inadequacy of consideration, surprise, accident, mistake, or irregularity in the conduct of the sale.”
 
 U-M Pub., Inc. v. Home News Pub. Co.,
 
 279 So.2d 379, 381 (Fla. 3d DCA 1973) (citing
 
 Moran-Alleen Co. v. Brown,
 
 98 Fla. 203, 123 So. 561 (1929)). “However, even though a judicial sale will not be set aside due to ‘slight defects,’ or for ‘merely technical, formal, and unimportant irregularities,’ we must view the proceedings in their totality.”
 
 Id.
 
 (internal citations omitted). In their motion to set aside foreclosure sale, the mortgagors cite Rule 1.540(b), Florida Rules of Civil Procedure, for the proposition that a court may relieve a party from a final judgment, but they neglect to assert the presence any of the required elements: mistake, excusable neglect, newly discovered evidence, or fraud.
 

 For the first time on appeal, the mortgagors argue that because Rule 1.080(h)(2), Florida Rules of Civil Procedure, gives a mortgagor against whom a default judgment has been entered the right to be served with a copy of the judgment, and because the final judgment in this case was served to them at the wrong address, it was correctly reversed. However, Rule 1.080(h)(3) notes that subdivision (h) “is directory and a failure to comply with it does not affect the order or judgment or its finality or any proceedings arising in the action.”
 
 See also Bennett v. Ward,
 
 667 So.2d 378, 381 (Fla. 1st DCA 1995) (quoting
 
 Subsaro v. Van Heusden,
 
 191 So.2d 569, 570 (Fla. 3d DCA 1966)) (“The ‘failure of the judgment debtor to receive ... notice’ does not automatically require that a judicial sale be set aside.”).
 

 
 *793
 
 The two cases the mortgagors cite in which a foreclosure judgment is reversed are distinguishable because, in both cases, neither the debtors nor their attorneys received notice.
 
 See Ingorvaia,
 
 816 So.2d at 1257;
 
 Bennett,
 
 667 So.2d at 380-81. Here, the mortgagors were undisputedly served at their correct address, and it is apparent from their filing of both an answer
 
 [2]
 
 and a motion to deny summary judgment that they were aware of what was occurring in the action. In addition, the mortgagors’ counsel clearly knew about the final judgment and notice of sale, as reflected in a letter to mortgagors dated seven weeks before the sale.
 

 With no valid reason, the trial judge set aside the judgment and sale solely because he did not “think it [was] fair.” Unfortunately, neither the ground of fairness nor “the ‘ground’ of benevolence and compassion ... constitute^] a lawful, cognizable basis for granting relief to one side to the detriment of the other, and thus cannot support the order below: no judicial action of any kind can rest on such a foundation.”
 
 Republic Fed. Bank, N.A. v. Doyle,
 
 19 So.3d 1053, 1054 (Fla. 3d DCA 2009). Although the trial judge might believe otherwise, “[w]e cannot agree that courts of equity have any right or power under the law of Florida to issue such order it considers to be in the best interest of ‘social justice’ at the particular moment without regard to established law.”
 
 Flagler v. Flagler,
 
 94 So.2d 592, 594 (Fla.1957). Accordingly, we reverse and remand with instructions to reinstate the final judgment and sale of the foreclosed property.
 

 Reversed and remanded.
 

 [1]
 

 . Among other excuses, the mortgagors asserted that they had lost their second jobs, they were not given salary raises, their mortgage payment increased, they were not creditworthy, they were defrauded by loan modification companies, and they had separated.
 

 [2]
 

 . The mortgagors included the wrong return address in their answer.