TAYLOR, J.
In this mortgage foreclosure action, U.S. Bank appeals from an order denying its motion to vacate a foreclosure sale.[1] Because it was undisputed that a mistake occurred, the trial court grossly abused its discretion in denying the motion to vacate. We reverse.
In 2012, the trial court entered a final judgment of foreclosure in the amount of $118,063.26 in favor of U.S. Bank. After two scheduled foreclosure sales were can-celled, the Palm Beach County circuit court rescheduled the foreclosure sale for April 16, 2013. On April 10, 2013, U.S. Bank sent its counsel instructions to bid on the property at the scheduled sale in amounts up to $51,000. However, due to the failure of counsel’s newly hired clerk to follow the usual procedures for providing notification and bidding instructions for the upcoming sale to counsel’s Post Judgment Foreclosure Supervisor (“Supervisor”), counsel failed to bid on the property on behalf of U.S. Bank at the April 16, 2013 sale. A third party purchaser, appel-lee Chris Greaves, bought the property at the sale for $35,200.
*493 U.S. Bank timely objected and moved to set aside the foreclosure sale. In the motion, U.S. Bank argued that the property was sold for a grossly inadequate price which resulted from a mistake or irregularity connected with the sale. The motion was supported by the Supervisor’s affidavit, which recounted the series of mishaps and miscommunications that occurred before the foreclosure sale.
At the hearing on the motion to set aside the foreclosure sale, the purchaser’s counsel conceded that U.S. Bank met the requirement of demonstrating a mistake, but nevertheless maintained that U.S. Bank also needed to show that the foreclosure sale price was grossly inadequate. Counsel for U.S. Bank disagreed and cited this court’s en banc decision in Arsali v. Chase Home Finance, LLC, 79 So.3d 845 (Fla. 4th DCA 2012) (“Arsali 7”). In Ar-sali I, we held that a trial court could vacate a foreclosure sale on equitable grounds even when the adequacy of the bid price was not at issue. Id. at 848-49.
In response to U.S. Bank’s argument, the purchaser’s counsel seemed to suggest that this court was “unsure” of its decision in Arsali I, since we certified the issue to the Florida Supreme Court. The purchaser’s counsel also attempted to distinguish Arsali I, claiming that Arsali I presented “a different set of facts because the price wasn’t really the issue,” whereas in this case the inadequacy of the price was “obviously an issue” because U.S. Bank’s motion primarily argued the inadequacy of the sales price.
The trial court orally denied the motion to set aside the foreclosure sale and later entered a written order overruling the objection to the sale. U.S. Bank appealed the order.
On appeal, U.S. Bank argues that the trial court grossly abused its discretion in refusing to vacate the foreclosure sale where there was undisputed evidence— and a concession by the purchaser — of a mistake on the part of U.S. Bank’s counsel. We agree.
The standard of review of a trial court’s ruling on a motion to set aside a foreclosure sale is whether the trial court grossly abused its discretion. Long Beach Mortg. Corp. v. Bebble, 985 So.2d 611, 613 (Fla. 4th DCA 2008). “[A]n equity judge considering whether to set aside a foreclosure sale has a large discretion which will only be interfered with by the appellate court in a clear case of injustice.” Id. (citation and internal quotation marks omitted). However, the issue of whether the trial court properly applied the law is reviewed de novo. See Pompano Beach Cmty. Redev. Agency v. Holland, 82 So.3d 1034,1036 (Fla. 4th DCA 2011).
In Arsali v. Chase Home Finance LLC, 121 So.3d 511 (Fla.2013) (“Arsali 77”), which was decided during the pendency of this appeal, the Florida Supreme Court held that proof of an inadequate bid price is not a necessary requirement in an action to set aside a judicial foreclosure sale. Id. at 514. Quoting from its prior decision in Moran-Alleen Co. v. Brown, 98 Fla. 203, 123 So. 561 (Fla.1929), the supreme court explained: “On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds.” Id. at 515 The supreme court clarified that when it decided Arlt v. Buchanan, 190 So.2d 575 (Fla.1966), it “was not then establishing the basis for a test, purported by some of the district courts, that should be applied to judicial foreclosure sale set aside actions *494 when the adequacy of the bid price is at issue.” Id. at 516.
Finding that no conflict exists between Brown and Arlt, the supreme court reemphasized that a judicial sale may, on a proper showing, be vacated and set aside on any or all equitable grounds. Id. at 515-18. The supreme court therefore approved of the result in Arsali I to the extent that we affirmed the trial court’s order vacating the judicial sale. Id. at 519. But the supreme court disapproved of our attempt to reconcile Brown and Arlt as establishing two separate tests that should be applied in actions to set aside a judicial sale, depending upon whether inadequacy of the bid price was at issue. Id. at 514-17, 520.
In light of the supreme court’s decision in Arsali II, it is now abundantly clear that proof of an inadequate bid price is not a necessary requirement in an action to set aside a judicial foreclosure sale. Instead, a judicial sale may be vacated on a showing of any equitable ground.
One such equitable ground for vacating a judicial sale is mistake. A mistake sufficient to set aside a judicial sale is shown where the owner became deprived of an opportunity to bid at the sale when, because of inadvertence or a mistake, an attorney who was to represent the owner there for that purpose was not present. Kerrigan v. Mosher, 679 So.2d 874, 875 (Fla. 1st DCA 1996).
Here, the purchaser is bound by his counsel’s concession that U.S. Bank was deprived of an opportunity to bid at the sale as a result of a mistake. See Holub v. Holub, 54 So.3d 585, 587 (Fla. 1st DCA 2011) (a party is bound by a factual concession made by that party’s attorney before a judge in a legal proceeding); U.S. Bank Nat’l Ass’n v. Bjeljac, 43 So.3d 851, 853 (Fla. 5th DCA 2010) (the question of whether the bank’s failure to have a representative present at the sale was the result of a mistake is inherently a factual question).
The breakdown in communication at the law firm representing U.S. Bank is the type of mistake that can justify vacating the foreclosure sale. See Long Beach, 985 So.2d at 614-15 (trial court grossly abused its discretion in failing to set aside foreclosure sale where the lender was the “innocent victim of the mistakes of its attorneys and agents”); cf. also Fernandez v. Suburban Coastal Corp., 489 So.2d 70, 71 (Fla. 4th DCA 1986) (affirming order vacating judicial sale where the lender acted diligently to protect its interests by employing an abstract company to attend the sale, but the abstract company inadvertently failed to attend the sale); Van Delinder v. Albion Realty & Mortg., Inc., 287 So.2d 352, 353 (Fla. 3d DCA 1973) (affirming order setting aside $50 foreclosure sale when owner’s attorney mistakenly failed to attend).
In sum, because the purchaser’s counsel conceded below that U.S. Bank established a mistake and his only argument was that the sale price was not grossly inadequate, the trial court grossly abused its discretion in denying the motion to vacate. Accordingly, we reverse and remand with directions to grant the motion to vacate.

Reversed and Remanded.

DAMOORGIAN, C.J., and LEVINE, J„ concur.

. Because the order is appealable as a discrete final order, we have jurisdiction under Florida Rule of Appellate Procedure 9.030(b)(1)(A). See Popescu v. Laguna Master Assn, 126 So.3d 449, 450 (Fla. 4th DCA 2013).