DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CAN FINANCIAL, LLC,**
Appellant,

v.

**JACEK NIKLEWICZ,** et. al.,
Appellee.

No. 4D19-3668

[November 12, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Jr., Judge; L.T. Case No. 50-2017-CA-001330-XXXX-MB.

Damian Waldman and Farha Ahmed of the Law Offices of Damian G. Waldman, P.A., Largo, for appellant.

Michael Wrubel of Michael Jay Wrubel, P.A., Davie, and Timothy Quinones of Quinones Law, P.A., Lake Worth, for appellee.

CONNER, J.

Can Financial, LLC ("the Bank") appeals the trial court's order vacating the foreclosure sale of the property to third-party purchaser Jack Niklewicz ("the Purchaser") and order denying rehearing. Because the Purchaser's failure to investigate the status of the property before purchasing it at a foreclosure sale was attributable solely to the Purchaser, the Purchaser did not demonstrate adequate grounds to vacate the foreclosure sale where due diligence would have revealed a superior mortgage on the property. We conclude the trial court erred in vacating the foreclosure sale. Therefore, we reverse and remand for further proceedings.

*Background*

The Bank obtained a final judgment of foreclosure against the homeowners. The property was subsequently sold to the Purchaser, a third-party purchaser, at a judicial foreclosure sale. The Purchaser paid a substantial sum, well above the amount due as determined by the judgment, for the property. Nine days after the sale, the Purchaser filed

an objection to the sale, citing general irregularities in the sale such as failure to disclose matters related to the sale and the property, that the property was subject to another lien, and inadequacy of the sale price.

The Purchaser's testimony at the hearing on his objections can be summarized as follows: (1) he was not a sophisticated purchaser and this was his first attempt to purchase property at a foreclosure sale; (2) the purchase turned out to be "worst day of his life" because the money used for the bidding was his savings over the last twenty years; and (3) although he reviewed the mortgage being foreclosed, he was unaware that there was a superior first mortgage, and the first mortgage was also in default and in the process of foreclosure, which would result in the Purchaser having no equity in the property despite having paid a substantial amount well above the amount due under the judgment on the junior mortgage.

The trial court deferred ruling on the objection and ordered the parties to prepare memoranda briefing the issues outlined at the hearing. The Purchaser's subsequent memorandum identified the following three issues: (1) unilateral mistake to rescind a contract; (2) lack of diligence or ignorance of law as a defense to contractual agreement; and (3) the trial court's discretion, as a court of equity, to sustain an objection and vacate a sale.

Following submission of the parties' memoranda, the trial court entered an order that sustained the Purchaser's objections, vacated the sale, and reset the foreclosure sale for a later date. Relying on the testimony of the Purchaser, the trial court determined that: (1) he was not a sophisticated purchaser and the sale was his first attempt to purchase property through a foreclosure sale; (2) his "successful bid became a nightmare in the making" because the money used for the bidding was the savings from "daily toiling" by him and his wife for over twenty-one years; (3) although he reviewed the mortgage being foreclosed, Purchaser was unaware that there was a superior first mortgage, and the first mortgage was also in default and in foreclosure, which would result in the Purchaser having no equity in the property, despite having paid a substantial amount well above the amount due under the judgment; and (4) had he known the true facts, he would not have bid as he did. After acknowledging that "ignorance of the law is generally not a defense to avoid a contractual agreement, or in this case the efficacy of a bid," the trial court found that it was a close call but "determine[d] that a unilateral mistake ha[d] occurred and conclude[d] the evidence sufficient to establish that such mistake was not the product of an inexcusable lack of due care."

The trial court denied the Bank's motion for rehearing. The Bank then gave notice of appeal.

*Appellate Analysis*

"The standard of review of a trial court's ruling on a motion to set aside a foreclosure sale is whether the trial court grossly abused its discretion." *U.S. Bank, N.A. v. Vogel*, 137 So. 3d 491, 493 (Fla. 4th DCA 2014). "[T]he issue of whether the trial court properly applied the law is reviewed de novo." *Id.* A trial court abuses its discretion when there is no competent substantial evidence to support its findings. *Eckert v. Eckert*, 107 So. 3d 1235, 1238 (Fla. 4th DCA 2013) ("On this record, permitting relocation is an abuse of discretion, because there is no competent substantial evidence to support it.").

Section 45.031(5), Florida Statues (2019), permits a party to file objections to the sale within ten days after issuance of the certificate of sale. § 45.031(5), Fla. Stat. (2019). In *Arsali v. Chase Home Finance LLC*, 121 So. 3d 511 (Fla. 2013), our supreme court stated that "this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all [equitable] grounds." *Id.* at 515 (alteration in original) (quoting *Moran-Alleen Co. v. Brown*, 123 So. 561, 561 (1929)). To set aside a foreclosure sale, litigants are required to "allege one or more adequate equitable factors and make a proper showing to the trial court that they exist in order to successfully obtain an order that sets aside a judicial foreclosure sale." *Id.* at 518. Equitable factors that could be legally sufficient to set aside a foreclosure sale include "gross inadequacy of consideration, surprise, accident, or *mistake imposed on complainant*, and irregularity in the conduct of the sale." *Brown*, 123 So. at 561 (emphasis added).

Courts have consistently held that "the substance of an objection to a foreclosure sale under section 45.031(5) must be directed toward *conduct* that occurred at, *or which related to*, the foreclosure sale itself." *Skelton v. Lyons*, 157 So. 3d 471, 473 (Fla. 2d DCA 2015) (emphases added) (quoting *IndyMac Fed. Bank FSB v. Hagan*, 104 So. 3d 1232, 1236 (Fla. 3d DCA 2012)). This is because "the purpose of allowing an objection to a foreclosure sale 'is to afford a mechanism to assure all parties and bidders to the sale that there is no irregularity at the auction or any collusive bidding, etc.'" *Hagan*, 104 So. 3d at 1236 (quoting *Emanuel v. Bankers Tr. Co.*, 655 So. 2d 247, 250 (Fla. 3d DCA 1995)).

The trial court in this case reasoned that our decision in *Vogel* was a basis for setting aside the sale. While it is true that we said that "[o]ne

such equitable ground for vacating a judicial sale is mistake," *Vogel*, 137 So. 3d at 494, the trial court's reliance on *Vogel* was misplaced because it is factually distinguishable from this case. In *Vogel*, we reversed the denial of a motion to vacate a sale because "[a] mistake sufficient to set aside a judicial sale [was] shown where *the owner became deprived of an opportunity to bid at the sale when, because of inadvertence or a mistake, an attorney who was to represent the owner there for that purpose was not present.*" *Id.* at 494 (emphasis added) (citing *Kerrigan v. Mosher*, 679 So. 2d 874, 875 (Fla. 1st DCA 1996)). Here, the Purchaser was not deprived of an opportunity to bid at the sale due to the mistake of an agent.

Even applying the trial court's reasoning that analogized a judicial sale bid to a contract, its finding that the Purchaser's mistake was sufficient to set aside the sale was erroneous.

> A contract may be set aside on the basis of a unilateral mistake of material fact if: (1) *the mistake was not the result of an inexcusable lack of due care*; (2) denial of release from the contract would be inequitable; and (3) the other party to the contract has not so changed its position in reliance on the contract that rescission would be unconscionable.

*DePrince v. Starboard Cruise Servs., Inc.*, 271 So. 3d 11, 20 (Fla. 3d DCA 2018) (emphasis added). Here, the first element was not met because the law is clear that a purchaser at a junior lien foreclosure sale takes the property subject to the superior lien and the failure to discover the superior lien is one of inexcusable lack of due care. *Maryland Cas. Co. v. Krasnek*, 174 So. 2d 541, 543 (Fla. 1965) (recognizing the longstanding principle stated that "the law . . . prevent[s] equitable relief on the ground of unilateral mistake in instances in which the mistake is the result of a lack of due care"); *see also Lindsley v. Phare*, 155 So. 812, 815 (Fla. 1934) ("A purchaser at a judicial sale takes title subject to defects, liens, incumbrances, and all matters which may defeat the title of which he has notice, or of which he could obtain knowledge in the exercise of ordinary prudence and caution."); *Garcia v. Stewart*, 906 So. 2d 1117, 1120 (Fla. 4th DCA 2005) ("[T]he successful bidder at a junior lien foreclosure takes title subject to the prior liens." (alteration in original) (quoting *Conversion Prop., L.L.C. v. Kessler*, 994 S.W. 2d 810, 813 (Tx. Ct. App. 1999))).

Critical to our analysis are the statements of our supreme court in *Arsali* with regards to the court's reliance on *Brown*. *Arsali*, 121 So. 3d at 520 ("We also expressly state that *Brown* and *Arlt* [*v. Buchanan*, 190 So. 2d 575 (Fla. 1966),] are not in conflict and, therefore, any determination or analysis to the contrary proffered by the district courts of appeal is

4

disapproved."). In *Arsali*, our supreme court reiterated that Chief Justice Glenn Terrell "eloquently stated" in *Brown* that:

> On the question of gross inadequacy of consideration, surprise, accident, or *mistake imposed on complainant*, and irregularity in the conduct of the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds.

*Id.* at 519 (quoting *Brown*, 123 So. at 561).

In this case, the Purchaser failed to take action to protect his interests when he bid on the property without conducting a proper title search that would have revealed the superior first mortgage. There is no argument or allegation that the first mortgage was not recorded. Thus, the Purchaser was deemed to have constructive notice of it and purchased the property subject to the superior lien. *See CCC Props., Inc. v. Kane*, 582 So. 2d 159, 161 (Fla. 4th DCA 1991) ("A purchaser of property at a judicial sale is generally subject to the rule of caveat emptor. The recording of a document gives the purchaser and the public notice of its contents. By the recording of the [document] appellants were given constructive notice prior to the issuance of the certificate of title . . . ." (internal citations omitted)). As such, the Purchaser "could easily and should have discovered the existence of the [mortgage] in the exercise of ordinary prudence and caution." *U.S. Bank Nat'l Ass'n v. Rios*, 166 So. 3d 202, 210 (Fla. 2d DCA 2015) (determining third-party purchaser failed to establish grounds to set aside foreclosure sale because "[a] purchaser takes title subject to defects, liens, incumbrances, and all matters of which he has notice, or of which he could obtain knowledge in the exercise of ordinary prudence and caution" (quoting *Cape Sable Corp. v. McClurg*, 74 So. 2d 883, 885 (Fla. 1954))). As noted above, there is no evidence that the Purchaser was deprived of an opportunity to bid at the sale because of inadvertence or a mistake. Instead, the Purchaser should have exercised due care to investigate the status of prior liens, which he failed to do. In short, the Purchaser failed to demonstrate any *mistake imposed on complainant*.

Although it is likely that "the trial court's motivation in reaching its decision was inspired by benevolence and compassion for the [Purchaser]," *Chase Home Loans, LLC v. Sosa*, 104 So. 3d 1240, 1241 (Fla. 3d DCA 2012), "[a] party cannot obtain relief from a foreclosure sale 'solely by reference to that party's own lack of diligence.'" *Suntrust Mortg. v. Torrenga*, 153 So. 3d 952, 954 (Fla. 4th DCA 2014) (quoting *John Crescent, Inc. v. Schwartz*, 382 So. 2d 383, 386 (Fla. 4th DCA 1980)). Applying the appropriate principles announced in *Brown* and *Arsali*, we determine that

there was no competent substantial evidence to support a finding that equitable grounds existed for vacating the foreclosure sale. Without a sufficient evidentiary basis for vacating the sale, the trial court abused its discretion in vacating the sale. For those reasons, we reverse the trial court's order vacating the foreclosure sale and remand to the trial court for further proceedings.

*Reversed and remanded for further proceedings.*

LEVINE, C.J., and KLINGENSMITH, J., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**