# Third District Court of Appeal

## State of Florida

Opinion filed September 24, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1299
Lower Tribunal No. 25-36475-CC-23
_____

**Home Pipeline Holdings, LLC, etc.,**
Appellant,

vs.

**Chryl Nicolas, et al.,**
Appellees.

An Appeal from a non-final order from the County Court for Miami-Dade County, Chiaka Ihekwaba, Judge.

Lundergan Legal, LLC, and Amanda L. Lundergan (Royal Palm Beach), for petitioner.

Chryl Nicolas, in proper person.

Before EMAS, GORDO and LOBREE, JJ.

EMAS, J.

Petitioner, Home Pipeline Holdings, LLC, as trustee of the 1090 NW 123rd St Revocable Land Trust ("Pipeline"), and the plaintiff-landlord in the proceedings below, filed a petition for writ of certiorari, seeking review of the trial court's sua sponte June 4, 2025 order unconditionally staying execution of a writ of possession and transferring the action from the county court to the circuit court. Respondent Chryl Nicolas, the defendant-tenant below, has failed to comply with this court's order to file a response to the petition. We treat the petition as an appeal from a nonfinal order determining the right to immediate possession of property, see Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii),[1] and for the reasons that follow, we reverse the trial court's order.

The action in the trial court was a relatively straightforward residential eviction action. According to Pipeline, it purchased a residential property from Ms. Nicolas on October 18, 2024, paid off the existing mortgage, and agreed to rent the property back to her on a month-to-month basis for $1500 per month. Ms. Nicolas failed to make any rental payments. A notice of

---

[1] See also Aqua Bay Luxury Apts., Inc. v. Ivory at Bay Harbour, LLC, 406 So. 3d 1100 (Fla. 3d DCA 2025); First Hanover v. Vazquez, 848 So. 2d 1188, 1189 (Fla. 3d DCA 2003) (finding that the trial court order denying motion for default and writ of possession for non-payment of rent was an appealable nonfinal order because it determined the right to immediate possession of property).

2

termination of the month-to-month lease was served on Ms. Nicolas notifying her to vacate the premises by January 31, 2025. When Ms. Nicolas failed to vacate the premises, Pipeline filed its complaint and served it on Ms. Nicolas on February 22, 2025, alleging she was a holdover tenant who failed to vacate the property.

Attached to the complaint was (1) the warranty deed, executed and notarized on October 18, 2024 by Ms. Nicolas in favor of Pipeline, and recorded in the public records on November 1, 2024; (2) the lease agreement between Ms. Nicolas and Pipeline, executed on November 1, 2024, providing for a month-to-month lease by which Ms. Nicolas would continue to live at the property in exchange for a monthly payment of $1500 to Pipeline; (3) a notice of termination of month-to-month lease served on December 24, 2024 (and return of service for same), notifying Ms. Nicolas that the lease agreement would expire on January 31, 2025, and that Ms. Nicolas would be required to vacate the property and surrender it to Pipeline by that date; and (4) the Residential Eviction Summons, with proof of service.

When Ms. Nicolas failed to respond to the complaint, or pay any rent into the registry of the court, a clerk's default was entered and thereafter a default final judgment (for possession of the property) was entered in favor of Pipeline on May 19, 2025. The default final judgment stated that "Plaintiff

3

is entitled to possession of the property located at 1090 NW 123rd St." and further provided that "[t]he clerk is directed to issue a writ of possession to Plaintiff," pursuant to section 83.62, Florida Statutes (2025). No appeal was taken by Ms. Nicolas, nor did she file any motion under Florida Rule of Civil Procedure 1.540.

On May 27, 2025 the writ was delivered to the sheriff to post at the property, placing all persons residing therein on notice that the Sheriff "shall put the owner, Home Pipeline Holdings, LLC as Trustee of the 1090 NW 123rd St Revocable Land Trust, in possession of said premises after 24 hours of the date of said notice." It further "commanded to put said owner in possession of and to remove all persons from the aforementioned premises at the expiration of said notice."

On June 3, after service of the writ of possession, an unsigned, unsworn letter was filed with the clerk, containing Chryl Nicolas' name at the bottom of the page. The letter indicated, inter alia, that her husband purchased the house in 2000, that he had paid the mortgage until he died in 2018, and that he told her prior to his death that "should any one of us . . . expire first that the house would be paid in full."

Apparently in reliance upon her husband's statement, Ms. Nicolas did not pay the mortgage, although she acknowledged that she did make one

4

payment after his death because the mortgage company contacted her and said the mortgage payment wasn't received. Her letter indicated she wished to remain in her home and make house payments. No documents were attached to the one-page letter, and Ms. Nicolas did not acknowledge the lease agreement and did not assert that she had paid any rent to Pipeline.

On June 4, the trial court sua sponte issued an order "granting motion to stay writ of possession" and set a remote hearing for June 11. On that date, Ms. Nicolas appeared pro se and told the court essentially the same thing contained in her letter, but added that she spoke with someone about her home being in foreclosure and that a Mr. Gellenbeck told her he would help her, but she later found out he purchased the property. Counsel for Pipeline explained to the court that Pipeline paid off the mortgage of $124,000 and agreed to pay Ms. Nicolas an additional $70,000 on the condition that she deliver the property vacant. Ms. Nicolas executed the warranty deed, and Pipeline further agreed that Ms. Nicolas could remain in the property on a month-to-month tenancy at $1500 per month, but Ms. Nicolas failed to make any rent payment. When Ms. Nicolas failed to pay the monthly rent, and also failed to deliver the property vacant, Pipeline initiated the instant eviction proceeding.

Ms. Nicolas provided no documentation to support a claim that she had any ownership interest in the property or was entitled to possession of the property. Indeed, there was nothing—save her statement that her husband told her she'd own the property paid in full when he died—to controvert the attachments to the complaint which established Ms. Nicolas executed a warranty deed for the property to Pipeline in 2024; entered into a month-to-month lease agreement with Pipeline that allowed her to continue living in the property for $1500 per month; failed to make any payments of rent during the tenancy; and was served with a notice of termination of the month-to-month tenancy, which required Ms. Nicolas to vacate and surrender the property to Pipeline by January 31, 2025.

Counsel for Pipeline advised the trial court that the documents were attached to the complaint but presented them again, and also advised that his client was present and prepared to testify in support of all that was proffered by counsel. However, the trial court declined counsel's offer for his client to provide sworn testimony. Rather, the trial court announced it was imposing an unconditional stay on the writ of possession which had been issued and served on Ms. Nicolas, and was transferring the action to circuit court.

After the trial court announced its ruling, counsel for Pipeline pointed out (among other things) that a default final judgment had already been entered, a writ of possession already issued, that no motion had been filed by Ms. Nicolas, and that the court's ruling was based on the unsworn testimony of Ms. Nicolas. At that point, the trial court swore in Ms. Nicolas and asked if everything she had said earlier was the truth, to which Ms. Nicolas replied affirmatively. The trial court did not thereafter permit counsel for Pipeline to question Ms. Nicolas. Further, when counsel for Pipeline renewed his request that the trial court allow his client to provide sworn testimony as well, the court replied: "Go to circuit court and give it."

This petition followed. We will not belabor the point. Given the procedural posture and the record below, the trial court—notwithstanding its evident benevolent intentions—erred in issuing a sua sponte order staying the writ of possession and transferring the cause to the circuit court. A default final judgment had been entered, a writ of possession had been issued and posted, and the only remaining act (in the absence of a proper motion or other pleading by Ms. Nicolas) was the taking of possession of the premises by Pipeline. Section 83.62(1) provides:

> In an action for possession, after entry of judgment in favor of the landlord, the clerk shall issue a writ to the sheriff describing the premises and commanding the sheriff to put the landlord in possession after 24 hours' notice conspicuously posted on the

premises. Saturdays, Sundays, and legal holidays do not stay the 24-hour notice period.

The intent of the statute is to expeditiously place the landlord back in possession after final judgment is obtained. See also Fla. R. Civ. P. 1.580(a), Writ of Possession ("When a judgment or order is for the delivery of possession of real property, the judgment or order shall direct the clerk to issue a writ of possession. The clerk shall issue the writ forthwith and deliver it to the sheriff for execution.").

Generally speaking, a trial court does not have discretion to extend the statutory time periods or lengthen this process by entering a stay under the circumstances presented by the instant case. Our decision in Bimini Props., Inc., v. Puff or Sip Hookah Lounge & Liquor Store, LLC, 343 So. 3d 1249 (Fla. 3d DCA 2022), while addressing a commercial landlord-tenant dispute, is nevertheless insightful, given the similar nature of the statutory language in the applicable statutes.[2] In Bimini, a commercial landlord sought a writ of

---

[2] For example, section 83.232(5), Florida Statutes (2025) provides for non-residential tenancies:

> Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.

certiorari to quash an order staying a writ of possession issued by the trial court after the landlord obtained a default judgment for possession. Id. at 1251. This court granted the petition, issued the writ of certiorari, and

---

Similarly, section 83.60(2), Florida Statutes (2025) provides for residential tenancies:

> In an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense other than payment, . . . the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent that accrues during the pendency of the proceeding, when due. . . . Failure of the tenant to pay the rent into the registry of the court or to file a motion to determine the amount of rent to be paid into the registry within 5 days. . . after the date of service of process constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon.

(Emphasis added).

Section 83.241, Florida Statutes (2025) provides for a writ of possession involving non-residential tenancies:

> After entry of judgment in favor of plaintiff the clerk shall issue a writ to the sheriff describing the premises and commanding the sheriff to put plaintiff in possession.

In like fashion, section 83.62(1), Florida Statutes (2025) provides:

> In an action for possession, after entry of judgment in favor of the landlord, the clerk shall issue a writ to the sheriff describing the premises and commanding the sheriff to put the landlord in possession after 24 hours' notice conspicuously posted on the premises. Saturdays, Sundays, and legal holidays do not stay the 24-hour notice period.

9

quashed the trial court's order staying the writ of possession, acknowledging "it is well settled that a trial court has a non-discretionary, ministerial duty to issue a writ of possession under the circumstances set forth in the statute, notwithstanding any equitable arguments on behalf of the tenant." Id. That same rationale applies in this case.  While the landlord in Bimini was entitled to a default judgment for possession pursuant to section 83.232(5), and an automatic writ of possession pursuant to section 83.241, Pipeline too was entitled to an automatic writ of possession pursuant to section 83.62(1) after it obtained a Default Final Judgment of Possession, as well as pursuant to section 83.60(2), because Ms. Nicolas failed to make any rent payments into the court registry as required. See Gill v. Parvez, 332 So. 3d 543, 544 (Fla. 3d DCA 2021) ("Failure to comply [with Fla. Stat. § 83.60] constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon."); see also Rodriguez v. Bank of New York Mellon, 328 So. 3d 53, 55 (Fla. 3d DCA 2021) ("Unfortunately, neither the ground of fairness nor 'the ground of benevolence and compassion ... constitute[s] a lawful, cognizable basis for granting relief to one side to the detriment of the other, and thus cannot support [the requested relief]: no judicial action of any kind can rest on such

10

a foundation.' While we may be sympathetic to Ms. Rodriguez's plight, our guiding principle is the law.") (quoting Phoenix Holding, LLC v. Martinez, 27 So. 3d 791, 793 (Fla. 3d DCA 2010) (additional quotations omitted); Park Adult Res. Facility, Inc. v. Dan Designs, Inc., 36 So. 3d 811, 812 n.1 (Fla. 3d DCA 2010) ("Although we may have 'rachmones' [compassion] for the tenant, see Lerner v. Brin, 608 So. 2d 519 (Fla. 3d DCA 1992), the law is the law. It is not our job to carve exceptions into an otherwise clear and imperative statute.").

In the instant case, Ms. Nicolas failed to file any response to the eviction action, failed to pay any rent into the registry of the court, and even after the writ of possession issued and was served, and failed to file anything more than an unsigned, unsworn letter alluding to the fact that she thought she "owned the house" after her husband died. This unsupported assertion stood in stark contrast to the unrebutted evidence presented by Pipeline, which established on its face that Pipeline owned the property, and that Ms. Nicolas neither owned the property nor had a right to possession of the premises.

On these facts and in this procedural posture, the trial court's sua sponte and unconditional stay of the writ of possession and transfer of the action to the circuit court was erroneous, was not premised on a pleading

that met the requirements of rule 1.540, was not based on competent substantial evidence, and was contrary to the requirements of sections 83.60 and 83.62, Florida Statutes. We vacate the stay of the writ of possession and the order transferring this cause to the circuit court.[3] We remand for further proceedings consistent with this opinion.

Reversed and remanded with directions.

---

[3] During the pendency of this appeal, Pipeline filed a status report indicating that no transfer of the action to the circuit court had been effectuated.