PER CURIAM.
U.S. Bank seeks to appeal three post-judgment orders entered in this foreclosure matter. Because it appears that the trial court has not rendered proper final orders, we sua sponte conclude the appeal is premature and remand the matter to the trial court for rendition of final orders pursuant to Florida Rule of Appellate Procedure 9.110(l).
Following the entry of a foreclosure judgment in its favor, U.S. Bank filed a motion to cancel and reset the foreclosure sale. The trial judge stamped the motion “denied” and affixed his signature and the date to U.S. Bank’s motion. There is no indication that the “order” was ever rendered by filing it with the clerk of the trial court as required by rale 9.020(h). The same concern exists with respect to U.S. Bank’s effort to appeal its objection to the sale and motion to return third-party funds, vacate certificate of sale and set aside foreclosure sale. That motion was likewise stamped “denied,” and it does not appear that the order was ever properly “rendered.” U.S. Bank’s motion for rehearing, which was also denied by stamp, is confusing in that it contains two date stamps by the clerk of the trial court, one prior to the judge’s signature and one on the same day as the judge’s signature.
To invoke the jurisdiction of an appellate court, the order for which review is sought must be rendered by the lower court. Fla. R.App. P. 9.110(b). An order is rendered when it is reduced to writing, signed and filed with the clerk of the trial court. Fla. R.App. P. 9.020(h). A rubber-stamped order on a document that has already been filed is, at best, confusing. When the document does not receive a second date stamp from the clerk, there is nothing on the face of the appellate record to establish that the order was ever rendered. See Johnson v. State, 578 So.2d 1021 (Fla. 1st DCA 1991). Although rubber-stamped orders may be appropriate in some limited circumstances, they “should not be used when it is essential to fix a point from which crucial time periods are to be calculated for purposes of rendition. ...” State v. Sullivan, 640 So.2d 77, 78 (Fla. 2d DCA 1994). As a result, appellate courts discourage the use of rubber stamps to rule on motions. Parnell v. State, 642 So.2d 1092, 1093 (Fla. 2d DCA 1994).
We also have concerns about the summary disposition of U.S. Bank’s motions. We are mindful of the significant workload faced by Florida’s trial judges, particularly with the flood of foreclosures inundating the court system and the staff reductions necessitated by budget shortfalls. Nonetheless, for an appellate court to provide meaningful review of a trial court order, particularly when the trial court possesses significant discretion, some indication of the reasons underlying the trial court’s ruling is helpful. “It is not the function of an appellate court to cull the underlying record in an effort to locate *864 findings and underlying reasons which would support the order.” Jacques v. Jacques, 609 So.2d 74, 75 (Fla. 1st DCA 1992). Here, the trial court’s “denied” stamp does not help us determine if the trial judge abused his discretion or not. Some basis for the ruling would be instructive both to the parties and this Court.
Because U.S. Bank’s notice of appeal was filed before the rendition of a final order, we elect to treat this matter as a premature appeal and relinquish jurisdiction to the trial court for a period of fifteen days for the rendition of proper final orders.
JURISDICTION RELINQUISHED TO TRIAL COURT FOR FIFTEEN DAYS.
MONACO, C.J., ORFINGER and EVANDER, JJ., concur.