ORFINGER, J.
U.S. Bank appeals the trial court’s order denying its motion to cancel and reschedule a foreclosure sale, objection to the sale, and motion to vacate the foreclosure sale and return funds to the third-party purchasers. We affirm in part and reverse in part.
Although the procedural history of this seemingly uncomplicated mortgage foreclosure proceeding is unnecessarily complex, suffice it to say that after U.S. Bank obtained a final judgment of foreclosure, the Clerk of the Circuit Court sold the property to Hill & Beckman Inc. and Tam-co Corporation of Volusia County[1] at a properly noticed public sale. U.S. Bank failed to send a representative to the sale. The day after the sale, U.S. Bank filed an objection and a motion to return third-party funds, vacate the certificate of sale and set aside the sale. Without a hearing, the trial court denied the motion. U.S. Bank then filed a motion for rehearing and supplemental objections to the sale, arguing that the sale should be set aside since it mistakenly failed to send a representative to the sale resulting in an inadequate bid price. Again, without holding a hearing, the trial judge denied the motion.”[2]
U.S. Bank first argues that the trial court erred when it denied its motion to cancel and reset the foreclosure sale. We disagree. U.S. Bank’s motion to cancel and reset the foreclosure sale alleged only that it “requests that the foreclosure sale ... be cancelled and reset.” The trial court denied the motion, finding that it set forth no basis on which the court could intelligently exercise its discretion. Florida Rule of Civil Procedure 1.100(b) requires that motions “state with particularity the grounds therefor....” U.S. Bank’s motion failed to satisfy this basic requirement. We find no error in the trial court’s denial of its motion to cancel and reset the foreclosure sale.
U.S. Bank next contends that the trial court erred in failing to set aside the foreclosure sale and vacate the certificate of title because the bid price was inadequate and it mistakenly failed to send a representative to the sale. The general rule is that mere inadequacy of price, standing alone, is not a basis for setting aside a judicial sale. However, when the inadequacy of price is gross and results from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other per *853 son connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result. Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966); Wells Fargo Credit Corp. v. Martin, 605 So.2d 531, 533 (Fla. 2d DCA 1992). The third-party purchasers concede that the price they paid for the foreclosed property was grossly inadequate. Consequently, we need only determine if the inadequacy resulted from some mistake, fraud or other irregularity in the sale. Arlt, 190 So.2d at 577; see Maule Indus., Inc. v. Seminole Rock & Sand Co., 91 So.2d 307, 311 (Fla.1956).
In Florida, “even a unilateral mistake which results in a grossly inadequate price is legally sufficient to invoke the trial court’s discretion to consider setting the sale aside.” United Cos. Lending Corp. v. Abercrombie, 713 So.2d 1017, 1019 (Fla. 2d DCA 1998); see Long Beach Mortgage Corp. v. Bebble, 985 So.2d 611, 614 (Fla. 4th DCA 2008); Wells Fargo Fin. Sys. Fla., Inc. v. GRP Fin. Servs. Corp., 890 So.2d 383, 384 (Fla. 2d DCA 2004). The sufficiency of the “mistake” is shown, if “the owner became deprived of an opportunity to bid at the sale when, because of inadvertence or a mistake, an attorney who was to represent him there for that purpose was not present.” Van Delinder v. Albion Realty & Mortgage, Inc., 287 So.2d 352, 353 (Fla. 3d DCA 1973).
Section 45.031(8), Florida Statutes (2009), provides that objections based on the amount of the bid may be filed within ten days after the clerk files a certificate of sale, and “[i]f timely objections to the bid are served, the objections shall be heard by the court.” (Emphasis added). “For the court to ‘hear’ objections, it must provide both notice and an opportunity for any interested party to address those objections.” Shlishey the Best, Inc. v. Citi-Financial Equity Servs., Inc., 14 So.3d 1271, 1276 (Fla. 2d DCA 2009); see Nelson v. Santora, 570 So.2d 1374, 1376 (Fla. 1st DCA 1990) (interpreting former version of section 45.031(8) to require court to hold actual hearing on any objections).
We recognize that “[t]he specific parameters of the notice and opportunity to be heard required by procedural due process are not evaluated by fixed rules of law, but rather by the requirements of the particular proceeding.” Massey v. Charlotte County, 842 So.2d 142, 146 (Fla. 2d DCA 2003). Consequently, we do not hold that a court may only “hear” objections to a foreclosure sale at an in-court proceeding with counsel physically present. Still, we are confident that the term “heard” in section 45.031(8) does not contemplate that objections to a foreclosure sale are to be decided ex parte and without notice to all interested parties. See Shlishey, 14 So.3d at 1276. We believe the question of whether U.S. Bank’s failure to have a representative present at the sale was the result of a mistake is inherently a factual question that requires a hearing before the court. Because the trial court summarily denied the motion to set aside the sale without a hearing, the record is devoid of anything that would support or refute U.S. Bank’s allegations of mistake. Due process requires more.
For these reasons, we reverse the order denying U.S. Bank’s motion to set aside the foreclosure sale and return funds to the third-party purchasers and remand for further proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; REMANDED for further proceedings.
GRIFFIN, J., and BURGER, R., Associate Judge, concur.

. Hill & Beckman, Inc. and Tamco Corporation of Volusia County, the third-party purchasers, have intervened as appellees in this appeal.

. Because of jurisdictional concerns, we previously remanded this matter to the trial court for rendition of proper orders. See U.S. Bank Nat'l Ass’n v. Bjeljac, 17 So.3d 862 (Fla. 5th DCA 2009).