GERBER, J.
The defendants, whose home was sold at a foreclosure sale, appeal the circuit court’s order denying their verified motion to vacate the certificate of title issued after the sale. The court denied the motion even though it recognized that the bank had not offered any evidence in opposition to the motion. The defendants argue that the court erred in denying their motion because the clerk of court issued the certificate of title while their objections to the sale were pending and because the court did not conduct an evidentiary hearing on their objections.
We agree with the defendants’ arguments and reverse. Compare § 45.031(5), Fla. Stat. (2010) (“If no objections to the sale are filed within 10 days after filing the certificate of sale, the clerk shall file a certificate of title .... ”), with § 45.031(8), Fla. Stat. (2010) (“If timely objections to the bid are served, the objections shall be heard by the court.”); see also Opportunity Funding I, LLC v. Otetchestvennyi, 909 So.2d 361, 362 (Fla. 4th DCA 2005) (“The Clerk of the Court lacks authority to issue a certificate of title ... *908 when an objection to a foreclosure sale is timely filed”). “For the court to ‘hear’ objections, it must provide both notice and an opportunity for any interested party to address those objections.” U.S. Bank Nat’l Ass’n v. Bjeljac, 43 So.3d 851, 853 (Fla. 5th DCA 2010) (citations omitted). Further, “ ‘ it is reversible error for a trial court to deny a party an evidentiary hearing to which [the party] is entitled.’ ” Avi-Isaac v. Wells Fargo Bank, N.A., 59 So.3d 174, 177 (Fla. 2d DCA 2011) (quoting Sperdute v. Household Realty Corp., 585 So.2d 1168, 1169 (Fla. 4th DCA 1991)).
We remand for an evidentiary hearing on the defendants’ claims that: (1) they did not receive notice of the sale; (2) the bank breached the parties’ settlement agreement by wrongfully rejecting the defendants’ final redemption payment; and (3) the bank’s purchase price was inadequate. See Bennett v. Ward, 667 So.2d 378, 382 (Fla. 1st DCA 1995) (“The failure to give adequate notice of a judicial sale may effectively deprive the mortgagor of the right to redeem the property.”); Indian River Farms v. YBF Partners, 777 So.2d 1096, 1098-99 (Fla. 4th DCA 2001) (remanding for evidentiary hearing on whether mortgagor’s assignee timely exercised its right of redemption before the issuance of the certificate of title); Blue Star Invs., Inc. v. Johnson, 801 So.2d 218, 219 (Fla. 4th DCA 2001) (“[T]o vacate a foreclosure sale, the trial court must find (1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale.”) (citations and internal quotations omitted).
On remand, the defendants bear the burden to establish their claims. See Richardson v. Chase Manhattan Bank, 941 So.2d 435, 437 (Fla. 3d DCA 2006) (“On remand [the mortgagor] bears the burden to establish at the evidentiary hearing that she did not receive notice of the rescheduled sale and must also show what harm, if any, she suffered by reason of not being notified of the sale.”). The defendants shall be entitled to testify at the evidentiary hearing if they so request. See Sperdute, 585 So.2d at 1169 (“Neither the submission of affidavits nor argument of counsel is sufficient to constitute an evidentiary hearing. Since the purpose of an evidentiary hearing is to allow a party to ‘have a fair opportunity to contest’ the factual issues, this purpose is not effectuated if a party is not allowed to testify.”) (citation omitted).

Reversed and remanded.

WARNER and POLEN, JJ., concur.