NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROY C. SKELTON,                              )
                                             )
            Appellant,                       )
                                             )
v.                                           )            Case No. 2D13-4129
                                             )
JON E. LYONS, JR.; VALERIE J.                )
VOELKER; and DANIEL VOELKER,                 )
                                             )
            Appellees.                       )
                                             )
_____  )

Opinion filed February 11, 2015.

Appeal from the Circuit Court for Pinellas
County; Anthony Rondolino, Judge.

Roy C. Skelton, pro se.

No appearance for Appellees.


VILLANTI, Judge.

        Roy Skelton seeks review of the amended final judgment of foreclosure

entered in favor of Valerie and Daniel Voelker and the nonfinal order vacating the

foreclosure sale.  Because the trial court abused its discretion by setting aside the

judicial sale without affording notice to Skelton, we reverse.

The Voelkers filed a foreclosure action against Jon E. Lyons, Jr., the owner of the encumbered property. The final foreclosure judgment set a foreclosure sale, at which Skelton was the winning bidder. However, Lyons subsequently filed for bankruptcy and the sale was set aside. After the bankruptcy petition was dismissed, the house was again sold at a foreclosure sale and Skelton was the winning bidder. Lyons, pro se, objected to the sale in a filing that simply stated that he "gives notice of his objection to the Sale of March 13 and his further Objection to the Confirmation of the Sale and issuance of a Certificate of Title." Without providing notice to Skelton, the court held a hearing on this objection and vacated the sale. The Voelkers then moved for an amended final judgment of foreclosure which was granted, and a new foreclosure sale date was set. After Skelton filed his notice of appeal, the trial court entered an order canceling the sale.

Skelton raises two issues on appeal. First, he argues that his procedural due process rights were violated because he was not served with Lyons's objection or provided notice and an opportunity to be heard at the hearing setting aside the second foreclosure sale. We review this issue de novo. See VMD Fin. Servs., Inc. v. CB Loan Purchase Assocs., LLC, 68 So. 3d 997, 999 (Fla. 4th DCA 2011) (quoting Dep't of Revenue ex rel. Poynter v. Bunnell, 51 So. 3d 543, 546 (Fla. 1st DCA 2010)). Second, he argues that the trial court erred in setting aside the foreclosure sale. We review this issue for an abuse of discretion. See Arsali v. Chase Home Fin. LLC, 121 So. 3d 511, 519 (Fla. 2013).

On the first issue, a third-party purchaser has a protectable legal interest in a parcel purchased at a foreclosure sale. See Shlishey the Best, Inc. v. CitiFinancial

Equity Servs., Inc., 14 So. 3d 1271, 1275 (Fla. 2d DCA 2009). This status bestows on the purchaser due process rights, and when a sale is vacated without notice to and an opportunity to be heard by the purchaser, due process is violated. Id.; see also Regner v. Amtrust Bank, 71 So. 3d 907, 908 (Fla. 4th DCA 2011) ("For the court to 'hear' objections, it must provide both notice and an opportunity for any interested party to address those objections." (quoting U.S. Bank Nat'l Ass'n v. Bjeljac, 43 So. 3d 851, 853 (Fla. 5th DCA 2010))). Here, the record clearly establishes that Skelton was the purchaser of the property in question. The certificates of service on all of the relevant documents show that Skelton was never served with notice of either the objection to the sale or the hearing held on the objection. These facts establish that Skelton was denied procedural due process in this matter.

On the second issue, this court will typically defer to a trial court's order setting aside a judicial sale. Sulkowski v. Sulkowski, 561 So. 2d 416, 418 (Fla. 2d DCA 1990). However, while a borrower is allowed to object to a foreclosure sale under section 45.031, Florida Statutes (2013), "the substance of an objection to a foreclosure sale under section 45.031(5) must be directed toward conduct that occurred at, or which related to, the foreclosure sale itself." IndyMac Fed. Bank FSB v. Hagan, 104 So. 3d 1232, 1236 (Fla. 3d DCA 2012); see also Indian River Farms v. YBF Partners, 777 So. 2d 1096, 1098 (Fla. 4th DCA 2001) (affirming the trial court's order overruling the borrower's objection "on the grounds that such objections did not concern any defect or irregularity with the foreclosure sale itself in order to be a legally sufficient ground to set aside the sale"). Further, the objection "must be based upon a cause which is adequate to justify the equitable relief," and when the trial court does not make findings regarding

the existence of cause and the record is silent on any facts showing such cause, we will reverse. See Sulkowski, 561 So. 2d at 418.

In this case, Lyons's perfunctory objection to the judicial sale did not make any claims of deficiency regarding the sale's unfairness or irregularity. As such, Lyons's objection was legally insufficient as a matter of law and the trial court necessarily abused its discretion by setting aside the judicial sale on this basis. And while there was a hearing held on the objection, the trial court did not make any findings in its order or state its reasoning for setting aside the sale. Similarly, there is nothing contained in the record to indicate that the sale suffered any deficiency or irregularity requiring it to be set aside. Without such a basis, the trial court abused its discretion when it set aside the sale.

Because Skelton's procedural due process rights were violated, we reverse the order setting aside the foreclosure sale. Likewise, because the record did not show misconduct, defect, or an irregularity sufficient to support setting aside the foreclosure sale, we reverse on this basis as well.

Reversed and remanded for further proceedings to provide Skelton with notice and to determine whether a legal basis exists for the sale to be set aside.

DAVIS, C.J., and SLEET, J., Concur.