DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RESIDENTIAL MORTGAGE SERVICING CORPORATION,**
Appellant,

v.

**WINTERLAKES PROPERTY OWNERS ASSOCIATION, INC.,** a Florida
corporation not-for-profit; **WILLIAM APONTE; JANE DOE,** his wife, if
married, real name unknown; Unknown Tenant #1 and Unknown Tenant
#2, as occupants, real names unknown,
Appellees.

No. 4D14-1109

[July 8, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St.
Lucie County; James Midelis, Senior Judge, and George Shahood, Senior
Judge; L.T. Case No. 562011CA000563.

Roy T. Mildner of Blake, Mildner & Ohle, P.A., Fort Pierce, for
appellant.

No brief filed on behalf of appellees.

CIKLIN, C.J.

The appellant, a third-party purchaser of real property at a
foreclosure auction, appeals one trial judge's order which vacated a
previous trial judge's order. The order which was vacated had directed
the clerk of court to issue a certificate of title to the appellant. Thus the
successor judge's order, which is the subject of this appeal, also
effectively set aside the foreclosure sale by directing the return of the
purchase funds to the third party purchaser appellant. We agree with
the appellant that the successor trial judge erred in vacating his
predecessor judge's previous order without notice to the appellant.
Accordingly, we reverse.

**Factual Background**

In 2011, the appellee, Winterlakes Property Owners Association, Inc.
("the Plaintiff"), brought a suit for lien foreclosure and damages against

William Aponte ("the Homeowner"), his wife, and unknown tenants. The suit was based on the Homeowner's failure to pay annual maintenance assessments. In 2013, a foreclosure judgment against the Homeowner was entered. The judgment directed the sale of the property on October 30, 2013, and provided that the right of redemption expired upon the filing of the certificate of sale. The appellant was the successful bidder at the electronic sale, and the clerk of court appropriately issued a certificate of sale.

Subsequently, some non-party to the foreclosure proceedings—apparently an entity known as FST—filed a motion to set aside the sale, which led to a hearing before the then-presiding Senior Judge James Midelis in November 2013. Inexplicably, only the appellant's counsel appeared at the hearing and he explained that FST had informed him that it purchased the property the day before the foreclosure sale:

> Now, it turns out that there was like a private sale the day before late in the afternoon on the 29th, and supposedly this company called FST purchased this property by wiring money to the attorney for the –

Judge Midelis interrupted the attorney and indicated that he could not hear arguments when all the parties were not present. Counsel then explained to Judge Midelis that FST's attorney advised him it was sending the court an unauthorized "agreed order setting aside" the October 30th sale, even though there was no agreement to set aside the sale. The court announced it would set the matter for an evidentiary hearing.

In February 2014, a hearing was held before Senior Judge George Shahood. Counsel for the appellant, Roy Mildner, informed the court that the appellant was there on its motion for sanctions, attorney's fees, and issuance of certificate of title. Mildner explained that he had been shown a copy of a quitclaim deed from the foreclosed homeowner to FST, which was notarized and witnessed on February 7, 2014, but which stated it was made on October 29, 2013—literally the day before expiration of the redemption right. FST's counsel, Akiva Fischman, was also present and advised Judge Shahood that he had filed a cross-motion to cancel the sale of October 29, explaining that FST had exercised the right of redemption on that date. Fischman further offered that he was not able to be present at the October 29th sale. Any type of written cross-motion to cancel the sale is conspicuously absent from the record.

Judge Shahood ruled in favor of the third-party purchaser appellant,

2

stating that it was "a bit late" for FST to "come in." Judge Shahood issued a written order granting the appellant's motion for issuance of a certificate of title to the appellant.

About two weeks after Judge Shahood ordered the certificate of title to be issued to appellant (and denied FST's cross-motion), Judge Midelis stepped in and issued a written order vacating Judge Shahood's order. Judge Midelis' order provides:

> This cause *coming to the attention of the Court*, it is:
>
> ORDERED AND ADJUDGED that the Order Issuing a Certificate of Title, dated on February 11, 2014, is VACATED, based upon the Defendant William Aponte[1] exercising his right of redemption on October 29, 2013, which is prior to the sale date of October 30, 2013, and the Plaintiff's Attorney, Fishman [sic] Legal, PA, is ordered to return the 3rd party sale proceeds check of $12,574.85 to the Clerk of the Court. And the Clerk of Court shall return to the Third Party Purchaser, Residential Mortgage Servicing Corp. that same sum.

(Emphasis added).

The appellant filed a motion for rehearing, which alleged that it had not received any type of notice of a motion to vacate Judge Shahood's order. The trial court denied the motion without a hearing and without comment.[2]

## Discussion

The effect of Judge Midelis' order on appeal was that it set aside a foreclosure sale. We review such orders for an abuse of discretion. *See Alberts v. Fed. Home Loan Mortg. Corp.*, 673 So. 2d 158, 159 (Fla. 4th DCA 1996). The same standard of review applies to rulings on motions for rehearing. *See J.J.K. Int'l, Inc. v. Shivbaran*, 985 So. 2d 66, 68 (Fla. 4th DCA 2008). However, a claim that a party has been denied procedural due process is reviewed de novo. *Skelton v. Lyons*, 157 So. 3d

---

[1] Interestingly, Judge Midelis' order nullifying Judge Shahood's order recited a fact that the homeowner (and not FST) was the party who exercised the right of redemption.

[2] The record is unclear as to the identity of the trial judge who denied the motion for rehearing.

3

471, 472 (Fla. 2d DCA 2015).

Section 45.0315, Florida Statutes (2013), provides for a mortgagor's right of redemption:

> At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment . . . the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure . . . .

The right of redemption may be assigned. *VOSR Indus., Inc. v. Martin Props., Inc.*, 919 So. 2d 554, 556 (Fla. 4th DCA 2005).

Section 45.031, Florida Statutes (2013), governs judicial foreclosure sales. The statute provides that "[i]f no objections to the sale are filed within 10 days after filing the certificate of sale, the clerk shall file a certificate of title and serve a copy of it on each party . . . ." § 45.031(5), Fla. Stat. (2013).

An objection to a foreclosure sale "must be based upon a cause which is adequate to justify the equitable relief" of setting aside the sale. *Skelton*, 157 So. 3d at 473. Timely satisfaction of the judgment amount may serve as grounds to set aside a foreclosure. *See CCC Props., Inc. v. Kane*, 582 So. 2d 159 (Fla. 4th DCA 1991) (affirming order setting aside certificate of sale and certificate of title where property was purchased by third parties in private sale and proceeds from sale were used to satisfy the foreclosure judgment amount prior to foreclosure sale).

On the other hand, "a third-party purchaser has a protectable legal interest in a parcel purchased at a foreclosure sale. This status bestows on the purchaser due process rights, and when a sale is vacated without notice to and an opportunity to be heard by the purchaser, due process is violated." *Skelton*, 157 So. 3d at 472 (internal citation omitted); *see also Avi-Isaac v. Wells Fargo Bank, N.A.*, 59 So. 3d 174, 177 (Fla. 2d DCA 2011) ("A purchaser at a foreclosure sale is entitled to notice and an opportunity to be heard on a motion to vacate the sale.").

Here, the record does not confirm or otherwise establish that FST (or the homeowner) exercised a right of redemption or that the foreclosure judgment was satisfied by FST (or the homeowner). The *only item* in the record addressing this matter is the unsworn and confounding claim by

FST's counsel argued during the hearing before Judge Shahood that FST had been assigned the right of redemption by virtue of a quitclaim deed and that FST had exercised the right. Judge Midelis' order vacated Judge Shahood's order based on a perplexing finding that the homeowner, not FST, exercised the right of redemption on October 29.[3]

At the very least, we find that the appellant was entitled to both a notice and an opportunity to be heard before Judge Midelis vacated Judge Shahood's order (again, which had directed issuance of the certificate of title to the appellant). The record is devoid of any indication that either was provided. On the contrary, Judge Midelis' order contains language indicating that there was no evidentiary hearing or arguments presented before Judge Midelis entered his order vacating Judge Shahood's order. ("This cause *coming to the attention* of the Court . . . ." (emphasis added)).

Based on the violation of due process that occurred below, we reverse Judge Midelis' order and remand for further proceedings.

*Reversed and remanded.*

MAY and LEVINE, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**

---

[3] Judge Midelis' order also misidentifies FST's attorney as the "Plaintiff's Attorney."

5