Per Curiam.
Appellants Todd and Irina McKnight appeal the trial court’s order to the clerk of court to issue a certifícate of title following the judicial sale of Appellants’ property. Appellants argue that the trial court was required to conduct an evidentiary hearing on their objections to the sale, which included an allegation that the sale price was inadequate due to irregularities in the sale process. Appellee has confessed error on this issue.
Section 45.031(8), Florida Statutes (2014), allows a party to serve an objection to a sale based on the winning bid price. “If timely objections to the bid are served, the objections shall be heard by the court.” Id. (emphasis added). This Court has previously held that it is error to deny the party objecting under section 45.031(8) an evidentiary hearing. Regner v. Amtrust Bank, 71 So.3d 907, 907-08 (Fla. 4th DCA 2011). The record on appeal indicates that no hearing on Appellants’ objections occurred. We therefore accept Appellee’s confession of error and remand with directions to the trial court for it to: (1) vacate its order to the clerk to issue the certificate of title; (2) vacate the certificate of title that was improperly issued; and (3) hold an evidentiary hearing on Appellants’ objections. As in Regner, Appellants bear the burden to establish their claims at this hearing. Id. at 908. We offer no comment on the merits of Appellants’ objections.

Reversed and remanded for further proceedings consistent with this opinion.

DAMOORGIAN, LEVINE and FORST, JJ., concur.