# Third District Court of Appeal

## State of Florida

Opinion filed June 9, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2197
Lower Tribunal No. 19-7687

_____

## Alexander Volynsky,
Appellant,

vs.

## Park Tree Investments 21, LLC,
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola, Judge.

Xander Law Group, P.A. and Nicholas M. Nash, II and Matthew J. Troccoli, for appellant.

McMichael, Taylor & Gray, LLC, and Ezra Scrivanich (Sunrise), for appellee.

Before EMAS, C.J., and MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Alexander Volynsky, the borrower, challenges an order overruling his objections to a judicial foreclosure sale and directing issuance of a certificate of title to a third-party purchaser.[1]  On appeal, Volynsky contends the trial court divested him of due process by failing to afford him an evidentiary hearing.  Because his objections were facially deficient, we discern no error and affirm.

## PROCEDURAL HISTORY

After Volynsky was individually served with the foreclosure complaint in the action below, he defaulted, and appellee, Park Tree Investments 21, LLC, the mortgagee, obtained a summary final judgment of foreclosure.  The judgment set a date for public sale.  The sale was duly advertised by publication, and Jado Group, LLC was deemed the winning bidder.

Volynsky then timely filed two written objections.  In the first, he alleged "[c]ourt notices were not served," while in the second, he contended the property was "worth considerably more" than the sale price.  The trial court convened a hearing, at the conclusion of which it overruled both objections and ordered the clerk to issue the certificate of title to Jado Group.  Volynsky unsuccessfully sought rehearing and the instant appeal ensued.

## ANALYSIS

---

[1] We have jurisdiction.  See Fla. R. App. P. 9.130(a)(3)(C)(ii).

It is axiomatic "[t]he extent of procedural due process protections varies with the character of the interest and nature of the proceeding involved." In Int. of D. B., 385 So. 2d 83, 89 (Fla. 1980) (citation omitted). Accordingly, "[t]he specific parameters of the notice and opportunity to be heard required by procedural due process are not evaluated by fixed rules of law, but rather by the requirements of the particular proceeding." Massey v. Charlotte Cnty., 842 So. 2d 142, 146 (Fla. 2d DCA 2003) (citations omitted).

As relevant here, section 45.031(8), Florida Statutes, governing post-sale objections to the amount of the bid, provides, "[i]f timely objections to the bid are served, the objections shall be heard by the court." Although the statute itself does not expressly require an evidentiary hearing to resolve timely-filed objections, several of our sister courts have concluded that under certain narrow circumstances, such a hearing is necessary. See Regner v. Amtrust Bank, 71 So. 3d 907, 908 (Fla. 4th DCA 2011); U.S. Bank Nat'l Ass'n v. Bjeljac, 43 So. 3d 851, 853 (Fla. 5th DCA 2010); Valls v. HSBC Bank USA, N.A., No. 4D20-1984, 2021 WL 1898121 (Fla. 4th DCA May 12, 2021). These cases collectively involve post-bid objections alleging grounds sufficient to support equitable relief from the sale.

Having carefully examined the record in this case, we are persuaded these cases are inapplicable, as Volynsky failed to plead or proffer any supportive facts or anticipated evidence which would support the conclusion he was entitled to relief.

Here, the first objection was grounded upon a failure to serve unspecified court notices. Volynsky was individually served with the lawsuit and, as aptly noted by the trial judge, furnished notice of the final judgment. He never sought to quash service, vacate the final judgment, or set aside the publication. As our Legislature has expressly determined, "[a]ny irregularity in . . . mailing" does "not affect the validity or finality of . . . any sale" stemming from the final judgment, we conclude the allegation, as penned, was patently inadequate to support relief in equity. § 45.031(1)(c), Fla. Stat.

Similarly, the second objection, unaccompanied by any valuation, merely recited the opinion the property was worth more than the sale price. Because it is well-settled that proof the price produced is not commensurate with the fair market value of the property, without more, does not justify setting aside a forced sale, the objection was legally insufficient. See Arsali v. Chase Home Fin. LLC, 121 So. 3d 511, 518 (Fla. 2013) ("[O]ur previous decisions have consistently required that litigants allege one or more adequate equitable factors and make a proper showing to the trial court that

4

they exist in order to successfully obtain an order that sets aside a judicial foreclosure sale.") (citation omitted); <u>Moran-Alleen Co. v. Brown</u>, 123 So. 561, 561 (Fla. 1929) ("On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds.") (citations omitted); see also <u>Venezia v. Wells Fargo Bank, N.A.</u>, 306 So. 3d 1096, 1097 (Fla. 3d DCA 2020) ("Gross inadequacy of price alone is not enough to set aside a foreclosure sale.") (citation omitted).

The lower tribunal observed these deficiencies at the hearing on the objections. Nonetheless, Volynsky failed to proffer any supportive facts or anticipated evidence which would support the conclusion he was entitled to relief from the sale. Under these circumstances, the trial court afforded Volynsky both notice and a meaningful opportunity to be heard, satisfying the essential elements of due process. Accordingly, we affirm the order under review.

Affirmed.