DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CINDA L. HART,

Appellant,

v.

SPECIALIZED LOAN SERVICING, LLC,

Appellee.

No. 2D23-910
_____

March 22, 2024

Appeal from the Circuit Court for Pasco County; Declan P. Mansfield, Judge.

Cinda L. Hart, pro se.

David Rosenberg of Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Boca Raton, for Appellee.

SILBERMAN, Judge.

Cinda L. Hart, pro se, appeals the order denying her motion to vacate the foreclosure sale of real property. We affirm because Hart has failed to establish any reversible error by the trial court.

Hart executed a mortgage on real property located in Pasco County. On August 2, 2016, Bank of America, the initial mortgagee, filed suit against Hart due to her failure to pay mortgage payments beginning in

October 2015. Bank of America later filed a motion to substitute Specialized Loan Servicing, LLC (SLS), as the successor plaintiff.

Eventually, the trial court entered a final judgment of foreclosure in favor of SLS. Although the sale date was canceled and reset several times after Hart filed for bankruptcy on multiple occasions, the foreclosure sale was ultimately held on February 13, 2023. Hart then filed an objection to the sale and a motion to vacate the sale, seeking additional time to secure a mortgage loan modification, requesting a "first right of refusal on any and all possible options," and complaining about the payoff amount. The trial court denied any relief.

In this appeal, Hart only asserts that her current income can support a loan modification or payoff and that SLS would not consider a modification. Even if true, these assertions are not a basis for reversal. Hart has failed to raise any cognizable legal argument to establish error by the trial court, and "it is neither the function nor role of an appellate court to make an argument for a party." *Wilson v. Dep't of Child. & Fams.*, 326 So. 3d 170, 171 (Fla. 5th DCA 2021). "[I]solated, perfunctory references, vague comments, and conclusory statements are not sufficient to raise an issue for appellate review." *Whited v. Fla. Comm'n on Offender Rev.*, 296 So. 3d 557, 561 (Fla. 2d DCA 2020); *see also Caldwell v. Fla. Dep't of Elder Affs.*, 121 So. 3d 1062, 1064 (Fla. 1st DCA 2013) ("[P]erfunctory statements are insufficient to present an argument for appellate review.").

Moreover, "[t]o set aside a foreclosure sale, litigants are required to 'allege one or more adequate equitable factors and make a proper showing to the trial court that they exist in order to successfully obtain an order that sets aside a judicial foreclosure sale.' " *Can Fin., LLC v. Niklewicz*, 307 So. 3d 33, 35 (Fla. 4th DCA 2020) (quoting *Arsali v. Chase*

2

*Home Fin. LLC*, 121 So. 3d 511, 518 (Fla. 2013)).  Equitable factors that may support setting aside a foreclosure sale "include 'gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale.' "  *Id.* (emphasis omitted) (quoting *Moran-Alleen Co. v. Brown*, 123 So. 561, 561 (Fla. 1929)).

"[T]he substance of an objection to a foreclosure sale . . . *must be directed toward conduct that occurred at, or which related to, the foreclosure sale itself.*"  *U.S. Bank Nat'l Ass'n v. Rios*, 166 So. 3d 202, 210 (Fla. 2d DCA 2015) (quoting *Skelton v. Lyons*, 157 So. 3d 471, 473 (Fla. 2d DCA 2015)).  This is because "[t]he purpose of allowing an objection to a foreclosure sale 'is to afford a mechanism to assure all parties and bidders to the sale that there is no irregularity at the auction or any collusive bidding, etc.' "  *Id.* (quoting *In re Catalano*, 510 B.R. 654, 659 (Bankr. M.D. Fla. 2014)).

Hart's objection to the sale and motion to vacate failed to assert any legal basis to set aside the sale, and on appeal she has failed to establish any error by the trial court in denying relief.

Affirmed.

BLACK and SMITH, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.