DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GAREY NEHRKE,**
Appellant,

v.

**LEISUREVILLE COMMUNITY ASSOCIATION, INC.,**
Appellee.

No. 4D2024-2086

[June 11, 2025]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Mardi L. Cohen, Judge; L.T. Case No. COCE22-005452.

Garey Nehrke, Lighthouse Point, pro se.

Daniel Wasserstein of Wasserstein, P.A., Boca Raton, for appellee.

MAY, J.

This is a case about notice and an opportunity to be heard. The homeowner defendant argues the trial court erred in failing to hold a hearing on his objections to the sale of his property due to a foreclosure. We agree and reverse.

- *The Facts*

The homeowner owned a home in the Leisureville Community, was a member of its community association, and obligated to pay assessments. The association filed a lien foreclosure action against the homeowner for repeatedly failing to pay assessments. Ultimately, the trial court entered a final summary judgment of foreclosure against the homeowner, finding he owed over $16,000 in unpaid assessments.

The homeowner appealed the foreclosure judgment but later dismissed the appeal as part of a settlement agreement with the association. After the settlement, the association filed a joint stipulation for substitution of counsel signed by both the old firm and the new firm. The stipulation included the homeowner's written consent. However, the trial court never ruled on the motion for substitution.

When the homeowner failed to make payments under the settlement

agreement, the association obtained an amended foreclosure judgment, and the property was set for sale.

The property was finally sold at a foreclosure auction to a third-party purchaser. Three days later, the homeowner filed an objection to the sale. He argued the sale was void because the court never approved the substitution of counsel for the association, so its filings for over a year, including the motion leading to the sale, were void. The homeowner also alleged the sales price was grossly inadequate at only 20-30% of the property's market value.

The third-party purchaser filed a memorandum supporting the homeowner's objection, expressing concern that it would not be getting an insurable title due to the issues with the substitution of counsel. Nevertheless, the trial court summarily denied the homeowner's objection without holding a hearing. The clerk then issued the certificate of title to the third-party purchaser.

The homeowner now appeals.

- ***The Standard of Review***

The first issue we address is whether the trial court erred in failing to hold a hearing on the homeowner's objection to the foreclosure sale. The homeowner argues that under section 45.031(8), Florida Statutes (2024), the trial court was required to hold a hearing once he timely objected to the sale based on the lack of a substitution order and the alleged gross inadequacy of the sales price. The association responds that no hearing was needed because the homeowner failed to present evidence in support of his sales price objection.

We review orders on motions to set aside foreclosure sales for gross abuse of discretion. *Can Fin., LLC v. Niklewicz*, 307 So. 3d 33, 35 (Fla. 4th DCA 2020) (citing *U.S. Bank, N.A. v. Vogel*, 137 So. 3d 491, 493 (Fla. 4th DCA 2014)).

- ***The Analysis***

Under section 45.031(5), "[i]f no objections to the sale are filed within 10 days after filing the certificate of sale, the clerk shall file a certificate of title . . . ." However, section 45.031(8) provides that "[i]f timely objections to the bid are served, the objections shall be heard by the court."

We have interpreted these statutory provisions to mandate an evidentiary hearing when a party timely objects to a foreclosure sale. *Regner v. Amtrust Bank*, 71 So. 3d 907, 908 (Fla. 4th DCA 2011). In *Regner*, the defendants filed a motion to vacate the certificate of title within ten days of the certificate of sale being filed. *Id.* at 907. The trial court denied the motion without an evidentiary hearing. *Id.*

We reversed. *Id.* at 908. We held that "[f]or the court to 'hear' objections, it must provide both notice and an opportunity for any interested party to address those objections." *Id.* (quoting *U.S. Bank Nat'l Ass'n v. Bjeljac,* 43 So. 3d 851, 853 (Fla. 5th DCA 2010)). We further held that "it is reversible error for a trial court to deny a party an evidentiary hearing to which [the party] is entitled." *Regner,* 71 So. 3d at 908 (quoting *Sperdute v. Household Realty Corp.,* 585 So. 2d 1168, 1169 (Fla. 4th DCA 1991)).

Here, the clerk filed the certificate of sale and three days later, the homeowner filed a timely, verified objection to the foreclosure sale. The trial court summarily denied the homeowner's objection without holding the requisite hearing. The clerk then issued the certificate of title.

The trial court erred in failing to hold an evidentiary hearing on the homeowner's timely objection to the foreclosure sale. § 45.031, Fla. Stat.; *Regner,* 71 So. 3d at 908. We must therefore reverse and remand for the trial court to conduct the statutorily required evidentiary hearing on the homeowner's timely objection to the foreclosure sale.

Because our decision requires a reversal and a remand and the trial court has yet to rule on the merits of the homeowner's motion to vacate, we decline to address the remaining issues raised on appeal.

*Reversed and Remanded*

GROSS and CONNER, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**